```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARMEN LAZO,                                             :
                                                         :
                        Plaintiff,                       :
                                                         :
        -against-                                        :        COMPLAINT
                                                         :
PHILIP FALCONE, LISA FALCONE, GREEN                      :
ROCK LLC, and SOVRYN HOLDINGS INC.,                      :
                                                         :
                        Defendants.                      :
------------------------------------------------------------------X
```

Plaintiff Carmen Lazo ("Lazo" or "Plaintiff"), by her attorneys Pechman Law Group PLLC, complaining of Defendants Philip Falcone, Lisa Falcone, Green Rock LLC, and Sovryn Holdings Inc. (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. Lazo was employed as a housekeeper at Philip and Lisa Falcone's (the "Falcones") Manhattan and Southampton residences for approximately one year and a half. Throughout her employment, Defendants required Lazo to work between sixty and ninety-eight hours per week but paid her on a straight-time basis that failed to compensate her with overtime pay at 1.5 times her regular hourly rate for hours worked over forty each workweek. Defendants also failed to: (1) provide Lazo with wage notices at the time of her hire and with accurate wage statements with each payment of wages, and (2) make timely payment of Lazo's wages.

2. Lazo brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), the Domestic Workers' Bill of Rights ("DWBR"), and the NYLL's Wage Theft Prevention Act ("WTPA") to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.SC. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because many of the events and omissions alleged in this Complaint occurred in this District and Defendants reside in this District.

## THE PARTIES

**Plaintiff Carmen Lazo**

5. Plaintiff Carmen Lazo resides in Queens County, New York.

6. Lazo worked as a housekeeper for Defendants in their private homes in Manhattan and Southampton from approximately June 8, 2021 through October 31, 2022.

7. From approximately July through August of 2021 and 2022, Lazo worked as a live-in housekeeper in Defendants' Southampton residence.

**Defendants Philip Falcone and Lisa Falcone**

8. Philip and Lisa Falcone are husband and wife. They have twin children that are currently seventeen years old.

9. The Falcones are residents of New York County and own a home located at 61 East 80th Street in Manhattan, as well as a home located at 142 Crestview Lane, Sagaponack, New York.

10. Philip Falcone, a former billionaire, is the founder of Harbinger Capital and is the CEO of Sovryn Holdings/Madison Technologies.

11. Throughout Lazo's employment, Philip Falcone would often assign and direct Lazo's work duties.

12. Philip Falcone determined Lazo's rate of pay and distributed Lazo's paychecks.

13. Lisa Falcone is the founder of Everest Entertainment, a film production company.

14. Throughout Lazo's employment, Lisa Falcone would regularly assign and direct Lazo's work duties. Lisa Falcone often yelled at Lazo that tasks she completed were not "perfect." Lisa Falcone would direct Lazo not to consume any of the Falcone's food products. For example, Lazo was not allowed to drink the Pellegrino water Lisa Falcone purchased for the family. Lisa Falcone also instructed Lazo not to clean any areas while a Falcone family member was present and to not be around any house guests.

15. The Falcones exercised sufficient control over Lazo's employment to be considered Lazo's employers under the FLSA and NYLL.

**Defendant Green Rock LLC**

16. Defendant Green Rock LLC is a South Carolina corporation.

17. Defendants sometimes paid Lazo's wages by checks from Green Rock LLC.



**Defendant Sovryn Holdings**

18. Defendant Sovryn Holdings Inc. is a New York corporation.

3

19. Defendants sometimes paid Lazo's wages by checks from Sovryn Holdings Inc.

**FACTUAL ALLEGATIONS**

20. For the duration of Lazo's employment, she worked as a housekeeper at the Falcone residence in Manhattan, a five-story home with three bedrooms, five bathrooms, two living rooms, one kitchen, an office, a laundry room and a gym.

21. During the months of July and August 2021 and 2022, Lazo worked as a live-in housekeeper at the Falcone residence in Southampton, a three-story home with twelve bathrooms, seven bedrooms, two kitchens, a laundry room, a game room, a sauna, and a gym.

22. Each workday, Lisa Falcone directed Lazo's work duties, instructing her what was needed in addition to Lazo's regular work tasks.

23. When not at home, Lisa Falcone regularly communicated with Lazo via phone calls and text messages, to update or modify assigned tasks.

24. Lazo would typically begin her workday by cleaning each room in the house. Her cleaning routine included dusting, sweeping, and mopping.

25. Upon completing her cleaning duties, Lazo would begin other housekeeping tasks, such as washing, ironing, and folding laundry for all four members of the Falcone household.

26. Lazo would walk, clean, and feed the four Falcone dogs two to three times a day.

27. Lazo would take care of the Falcone cat, which included feeding it and cleaning out the litter box.

28. In addition to their four dogs and a cat, the Falcones also had as a pet, a pig named Porky. Lazo was required to clean up after Porky, who would frequently defecate (sometimes with blood) on the living room couch and other areas of the residence. A photo of Porky and two of the Falcones' dogs is below:



**Lazo's Work Schedule**

29. When Lazo worked at the Falcone's Manhattan residence, her regular weekly work schedule was Monday through Saturday, from approximately 10:00 a.m. to 8:00 or 9:00 p.m. During this period, Lazo regularly worked approximately sixty to sixty to sixty-six hours per week.

30. When Lazo worked as a live-in housekeeper at the Southampton residence, her regular weekly work schedule was Monday through Saturday, 10:00 a.m. to 11:00 p.m. or 12:00 a.m. Lazo sometimes worked an additional Sunday shift. During this period, Lazo regularly worked approximately seventy-eight to ninety-eight hours per week.

**Lazo's Compensation**

31. Throughout her employment, Defendants paid Lazo $25 per hour, including for hours worked over forty per workweek.

32. Defendants generally paid Lazo's wages by check but sometimes in cash.

33. Defendants frequently failed to pay Lazo's wages on a weekly basis, and often paid her wages later than seven calendar days after the end of the week in which the wages were earned.

34. Defendants did not provide Lazo with a wage notice at her time of hire.

35. Throughout her employment, Defendants paid Lazo her wages without accompanying wage statements accurately reflecting, *inter alia,* her hours worked, and hourly rates paid.

36. Lazo quit her employment for Defendants on October 31, 2022.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime Wages)**

37. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

38. Defendants employed Plaintiff within the meaning of the FLSA.

39. Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly wage rate for all hours worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

40. Defendants failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA.

41. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

42. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

43. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

44. Defendants employed Plaintiff within the meaning of the NYLL.

45. Under the NYLL, the DWBR, and supporting New York State Department of Labor ("NYDOL") regulations, Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly wage rate for all hours worked in excess of 44 per workweek when Plaintiff worked as a live-in domestic worker and in excess of 40 per workweek otherwise.

46. Pursuant to NYLL § 161(1), when working as a live-in domestic worker, Plaintiff was entitled to one day of rest every seven days, or overtime pay in lieu of the day off, on weeks when she worked seven days.

47. When working at the Southampton residence, Defendants failed to provide Plaintiff one day of rest every seven days, or overtime pay in lieu of the day off.

48. Defendants failed to pay Plaintiff the overtime wages to which she was entitled under the NYLL.

49. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

50. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

**THIRD CLAIM**
**(NYLL WTPA – Failure to Provide Wage Notice)**

51. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

52. The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

53. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at the time of hiring, or whenever her rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

54. As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

## FOURTH CLAIM
## (NYLL WTPA – Failure to Provide Accurate Wage Statements)

55. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

56. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

57. Defendants failed to furnish Plaintiff, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

58. As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## FIFTH CLAIM
## (NYLL § 191 – Frequency of Payments)

59. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

60. Defendants are employers that are subject to and must abide by the frequency of payments provision of the NYLL.

61. Throughout her employment as a housekeeper, Plaintiff spent more than 25% of her working time performing work tasks that were physical in nature.

62. Plaintiff is a "manual worker" within the meaning of the NYLL § 191(1)(a)(i).

63. Defendants often paid Plaintiff her wages "later than seven calendar days after the end of the week in which the wages were earned" in violation of NYLL § 191(1)(a).

64. As a result, Plaintiff is entitled to recover liquidated damages equal to the full amount of her wages paid later than seven days after the end of the workweek during which the wages were earned.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a. declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and supporting regulations;

    b. declaring that Defendants have violated the wage notice and wage statement provisions of the NYLL and WTPA;

    c. declaring that Defendants' violations of the FLSA and NYLL were willful;

    d. enjoining Defendants from further violations of the FLSA and NYLL;

    e. awarding Plaintiff damages for unpaid overtime wages;

    f. awarding Plaintiff liquidated damages pursuant to the FLSA and the NYLL;

    g. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish wage notices and wage statements pursuant to the NYLL and WTPA;

    h. awarding Plaintiff pre- and post-judgment interest under the NYLL;

    i. awarding Plaintiff reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to the FLSA and the NYLL; and

    j. awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
December 15, 2022

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Galen C. Baynes
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
baynes@pechmanlaw.com
*Attorneys for Plaintiff*